■ NEW YORK SPOOL CORPORATION, Appellant, v INDUSTRIAL PAPER TUBE, INC., et al., Respondents.—Judgment, Supreme Court, Bronx County (Jack Turret, J.), entered April 25, 1989, which dismissed plaintiff's complaint after a bench trial, unanimously affirmed, without costs.

Plaintiff and defendant both manufacture spools, and both have a system of manufacturing ends for spools, known as "circles", using an integrated system. For a period of time one of plaintiff's employees worked at night for defendant, despite orders from his employer not to do so. Eventually, this employee was fired by plaintiff and hired by defendant, and defendant subsequently employed a circle-manufacturing pro-

cess similar to the plaintiff's. Although the proof at trial tends to suggest that the employee dealt unfairly with the employer, competent evidence at trial supports the trial court's conclusion that the manufacturing process was in actual use by others in this industry and similar industries, and was therefore not a trade secret. *(Delta Filter Corp. v Morin,* 108 AD2d 991, 993.) *Tabor v Hoffman* (118 NY 30) and *Minnesota Min. & Mfg. Co. v Technical Tape Corp.* (23 Misc 2d 671, *affd* 15 AD2d 960) are not to the contrary. There, the courts held that the processes at issue were actually trade secrets, and that it was no defense that the defendants could have arrived at similar processes through independent analysis that was theoretically possible but never actually undertaken. Here, by contrast, the independent analysis was not merely a theoretical possibility. It had already taken place, and the process at issue was actually in use by a number of similar manufacturers. Concur —Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.